JOSÉ ESTEBAN GARCÍA, ETC., Plaintiff and Appellant, *v.* JACINTA GARCÍA TORRONDELL ET AL., Defendants and Appellees.

No. 9960.   Argued November 7, 1949.—Decided March 7, 1950.

Benjamín Ortiz and Alvaro Ortiz for appellant. Celestino
Iriarte, F. Fernández Cuyar and H. González Blanes for ap-
pellees.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The findings of the lower court herein represent, in our
judgment, the correct weighing of the evidence adduced by
the parties. They read as follows:

"1. There is no conflict among the parties on the following
proved facts:

"A.—On June 26, 1930 the plaintiff conveyed to his mother,
defendant Jacinta García Torrondell, a 5-acre ('cuerdas) rural
property belonging to the plaintiff, with two buildings, in the
Montellanos ward of Cayey, which is described in paragraph 8
of the complaint, and a mortgage credit of $3,000 owed to the
plaintiff by Juan Dumont López, such conveyance being carried
out by deed No. 51 executed on said date before Notary Fran-
cisco Navarro Ortiz in Cayey, in which the conveyance appears
as a purchase and sale for $6,700, value received; that on June
23, 1930 Antonio Alicea Vega and his wife María Luisa Colón,
constituted a mortgage to secure a loan of $1,200 in favor of
said defendant by deed No. 50, executed before the same notary
in Cayey and on June 20, 1930 Fidel Santiago Mendoza consti-
tuted a mortgage to secure a loan of $1,800 in favor of said
defendant by deed No. 47, executed before the same notary in
Cayey.

"B. The conveyances, sales, and contracts involved in the
aforesaid transactions were simulated and enforced without any
consideration at all and were a scheme of the plaintiff, who was
the real owner of all the properties prior to said transactions

and who continued to be such owner thereafter, in order to defend himself from the attachment of said properties in claims which might be brought against him because of an automobile accident in which he had been recently involved.

"C.—The defendant and her husband, codefendant José Torres, entered into the possession of said properties as soon as the conveyances in question took place, and a few days later they signed a private document which they delivered to the plaintiff and which the latter accepted, wherein the defendants acknowledged that the simulation in the conveyances from the plaintiff to the defendant Jacinta García Torrondell had been carried out because the plaintiff trusted them and they averred that they had no money or right whatever in the properties involved in said conveyances, and that they would keep them in plaintiff's name until he requested their return in which case the defendants would forthwith return such properties executing the corresponding deeds without demanding any money from the plaintiff on account of such return." (The court copies here the private document.)

"
.    .    .    .    .    .    .

"3.—The defendants have been in possession of said properties from the commencement of such possession in 1930 until now in the manner and within the scope hereinbelow stated.

"4.—The property of 5 acres, with buildings, in the Montellanos ward of Cayey, conveyed to the codefendant Jacinta García Torrondell is described. . ." (Description.)

"When the defendants took possession thereof there were two buildings on said property, to wit, a dilapidated shack alongside the road and a residence house referred to by the parties as 'the upper house.' The defendants, with the knowledge and express consent of the plaintiff, made with their own money substantial improvements upon those two buildings transforming the shack into a habitable house wherein the plaintiff lived for a certain time, in which improvement they invested $920 for materials and labor, and added a room to the second building which was also occupied for a certain time by the plaintiff with said improvement, in which they invested $644 for materials and labor.

5.—The defendants with the knowledge and express consent and approval of the plaintiff and in his presence, constructed with their own money three new buildings on said 5-acre farm in Montellano, to wit: a shack to dry tobacco leaves which they

built in 1938 investing $2,300 for materials and labor; a residence house which they built in 1938, investing $2,500 for materials and labor, and another residence house which they built in 1943, investing $2,221 for materials and labor.

"6.—The defendants have maintained said property in Montellano as becomes to good parents, they have tilled it continuously and have planted several crops, among others, fruit-bearing trees, and have enjoyed the usufruct of the fruits of such plantings and the rents from the above-mentioned buildings, it being impossible to determine the amount of these fruits and rentals inasmuch as the evidence presented by the parties in this connection is utterly deficient.

"7.—The mortgage credit of $3,000 owed by Juan Dumont López was claimed judicially, the mortgage being foreclosed and the corresponding real property sold in public auction. Because of lack of bidders at the auction the property was awarded to codefendant Jacinta García Torrondell for $2,800 from which the defendants paid to the plaintiff, $1,225 the codefendant Jacinta García Torrondell and $500 the codefendant José Torres, that is, a total amount of $1,725, the defendants keeping $1,075. There is no evidence as to dates.

"8.—The mortgage credit of $1,800 owed by Fidel Santiago Mendoza was judicially claimed, the mortgage being foreclosed and the corresponding property sold at public auction, the same being awarded to the codefendant Jacinta García Torrondell, who subsequently sold it for $2,800 after the defendants had spent $430 in improvements thereon consisting in a fence and water drums. The defendants paid to the plaintiff $800 and kept $1,570. There is no evidence as to dates.

"9.—The mortgage credit of $1,200 owed by Antonio Alicea Vega was judicially claimed, the mortgage being foreclosed, and the corresponding property being awarded to the codefendant Jacinta García Torrondell, who recorded it in her name in the Registry of Property of Guayama . . .

".       .       .       .       .       .       .

"When the property was sold in public auction the defendants paid to the mortgagor $350 for homestead. The defendants have enjoyed, and continue to enjoy, the usufruct from the rents of said property at the rate of $6 per month. There is no evidence as to the date on which the property was awarded.

"10.—The defendants have paid the land taxes corresponding to the real properties above-mentioned, it being impossible to determine the exact amount thereof.

"11.—The defendants have paid with their own money to the plaintiff for his benefit with his previous approval, among others, the following sums of money, all of this ever since the defendants took possession of plaintiff's properties: $610 for the expenses of plaintiff's wife in 1935; $1,225 as attorney's fees in connection with a suit against the plaintiff arising out of an automobile accident in Santa Isabel in 1936; $230 spent in connection with an automobile accident of the plaintiff in Guajataca in 1937; $33 spent in connection with an automobile accident had by plaintiff's chauffeur in Las' Marías in 1939; $200 for the damages caused in another accident suffered by the plaintiff in 1937; $57 spent in connection with two more automobile accidents of the plaintiff and $42 for automobile parts for the plaintiff which sums total $2,397.

"12.—Plaintiff's complaint was filed on May 25, 1945 and it was at the beginning of said year of 1945 that plaintiff for the first time requested the defendants jointly or one of them to give him back the title to his properties as well as the possession thereof to which request the defendants refused alleging that they would comply therewith when the plaintiff reimbursed them 'for the last drop of perspiration we have shed here.' "

In view of these proved facts and after stating its conclusions of law, the court rendered judgment with the following pronouncements:

That the plaintiff is the owner of the real properties described in the complaint; that deed No. 51 of June 23, 1930 is void, and hence it ordered the cancellation in the registry of property of the recordation in favor of Jacinta García Torrondell and the recordation in plaintiff's favor; it directed the defendants to restore the plaintiff to the possession of said properties; that the defendants made in good faith on the five-acre farm improvements upon the two existing houses and erected three new buildings having spent $8,605 for materials and labor thereon and, since the plaintiff chose to make his such improvements and buildings he is bound to prepay said sum to the defendants and the latter are entitled to retain and enjoy the possession and usufruct of said buildings; that until the plaintiff pays said sum the 5–acre farm

shall be encumbered in such amount and the Registrar must enter the corresponding note; it ordered the defendants to pay to the plaintiff the rentals of $6 per month which they have enjoyed from the other farm since January 1, 1945 until the plaintiff is restored to possession thereof with interest at 6 per cent per annum and ordered each party to pay its own costs without attorney's fees.

Feeling aggrieved, the plaintiff took an appeal and assigns herein ten errors which may be reduced to four, namely, that the lower court erred: (1) in considering the appellees bona fide possessors, (2) in not directing the appellees to pay to the appellant the reasonable value of the properties, (3) in not ordering the appellees to return to the appellant the amount obtained in foreclosing the three mortgage credits, and (4) in weighing the evidence. We shall discuss the last error first.

As we have indicated, the findings of the lower court faithfuly reflect the evidence to which it gave credence. We have thoroughly read several times the transcript of evidence in this case and we are convinced that no trial judge, conscious of his mission, could believe plaintiff's testimony, the only witness in his favor, in the sense that shortly after conveying his properties to his mother's name he requested the return thereof and that he never learned of the improvements made and buildings erected on his farm until after they were made. By his own admission it was shown that the original conveyance was effectuated in order to avoid having in his name properties with which to answer in a claim for damages caused by his automobile. It was furthermore shown, that subsequently his automobiles in various accidents caused damages which had to be paid by the defendants; it was shown that he lived with his wife in two of the houses located on the farms; that his wife died and the defendant Jacinta García paid all the funeral expenses; that thereafter the defendant García Torrondell took charge

of plaintiff's child and has brought him up, supported and given him an education for over 13 years, without the plaintiff ever giving her anything; it was shown that the plaintiff received the various amounts specified by the court and even that there were times when he hit his mother when she did not give him what he asked her; that he was aware of and saw when the improvements were made and the buildings were erected by the defendants and that he never objected thereto. The conflict between the plaintiff and the defendants arose in 1945 when his mother refused to give him back the farm unless he reimbursed her for the cost of said buildings. The defendant and her husband never denied that the farms belonged to the plaintiff but they claimed from him the amount they spent therein. Since the lower court did not err, we repeat, in weighing the evidence, we shall pass on to consider the remaining errors assigned.

■ Appellant contends that the defendants are not bona fide possessors and that, therefore, the trial court erred in deciding that they were entitled to retain possession of the two buildings until the appellant reimburses them for the amount spent for materials and labor and that they were not bound to pay him for the fruits they received.

It is true that pursuant to § 363 of the Civil Code, 1930 ed., "A *bona fide* possessor is deemed to be the person who is not aware that there exists in his title or in the manner of acquiring it, any flaw invalidating the same" a possessor in bad faith being any person "possessing in any case contrary to the above." And that pursuant to § 293 of the same code "He is *bona fide* possessor who possesses as owner by virtue of a title sufficient in its terms and conditions to transfer the ownership, and the defects of which he is ignorant of." However, although the lower court found that the defendants were bona fide possessors despite knowing that there had been no consideration in the contract of purchase and sale and that it was therefore void, it also found that it was impossible to determine the amount of the fruits

and rents because the evidence adduced was utterly deficient. In fact, accepting that the defendants under §§ 363 and 293, *supra*, were possessors in bad faith because they knew that their title was void, an examination of the transcript of evidence convinces us that the lower court did not err in finding that there was no satisfactory and convincing evidence as to the fruits and rents.

■ On the other hand, and as to the improvements and buildings, it did not err either in maintaining that § 300 of the Civil Code, 1930 ed. should be applied, which Section provides that:

"When there has existed bad faith, not only on the part of the person who built, sowed or planted on another's land, but also on the part of the owner of such land, the rights of both shall be the same as though both had acted in good faith.

"Bad faith on the part of the owner is understood to exist whenever the act has been executed in his presence and with his knowledge and forbearance, and without opposition on his part."

The entire evidence including plaintiff's testimony, although he tried to deny it, shows that he was aware of the improvements made and buildings erected in his presence and that he never objected thereto.

Manresa, commenting § 364 of the Spanish Civil Code, which is identical to our § 300, says:

"It is easy to understand the reasonableness of this Section. As stated in the Partidas, the person who knowingly lets others deceive him can not complain as a deceived man. In fact, *if the two persons fighting over the property have provoked the conflict of their own volition with the forbearance of the owner of the land, in whose presence the works have been made, and with the knowledge, on the part of the builder or sower, that the land is not his,* there is no reason whatever to credit a preferred right in favor of either one; they should, therefore, be dealt with as if both had acted in good faith: the bad faith of the one extinguishes and neutralizes in just reciprocity that of the other." (Italics ours.) III Manresa, *Comentarios al Código Civil Español*, fifth edition, p. 223.

■ ˙ In the prayer [1] of his complaint the plaintiff asks that the defendants be ordered "to return to the plaintiff the properties described in this complaint and if this is not possible as to any of them, to order the defendants to pay to the plaintiff the reasonable value thereof." That is, he made use of the option established in § 297 of the Civil Code, 1930 ed., to the effect that:

"The owner of the land which has been built upon, sown, or planted in good faith, has the right to appropriate as his own, the work, sowing or planting, by previously paying the indemnity specified in sections 382 and 383 of this Code, and to oblige the person who has built or planted to pay him the value of the land, and the person who sowed, to pay the corresponding rent."

The fact that he did not specify in the prayer that the return to him of the properties would be subject to the previous proper indemnity, does not mean that he was not bound to make that payment especially when in the same breath he prayed, in the alternative, that the defendants be ordered to pay him the reasonable value of his properties. Furthermore, we have decided, construing the scope of § 297, *supra*, that the complaint must allege that the plaintiff has previously made the payment to the defendant or that he deposits therewith a reasonable sum to compensate the owner of the building for the cost of the materials and labor. *Figueroa v. Rodríguez*, 68 P.R.R. 248, 253 and cases cited therein; *Villamil v. Camacho*, 64 P.R.R. 782. However, no question was raised in this case as to the sufficiency of the complaint and on the contrary, the defendants acquiesced in their answer to its being granted as to the return to the plaintiff of the property he delivered in 1930 but they likewise requested that the judgment declare that the improvements and buildings belonged to the defendants. In its judgment the lower court acknowledged plaintiff's right to the farms owned

---

[1] Although the prayer is not a part of the complaint it serves to interpret the same. *Rivera v. Heirs of Lugo*, 42 P.R.R. 183; *Isern v. Benítez*, 57 P.R.R. 331.

by him and ordered that they be recorded in his name in the registry of property as well as defendants' right to be compensated in the amount spent by them for materials and labor, and in the meantime, that they are entitled to retain and enjoy the possession and usufruct of such buildings. We deem that the determination of the court protecting the rights of both parties is fair, reasonable, and according to law.

■ Appellant's request in discussing the third error, *supra*, that the conditions prevailing before the judicial foreclosures should be restored and that the three mortgage credits should also be restored in their entirety in his favor against the mortgagees, can not prevail. According to the evidence, appellant's mother has recorded in her name only one of the three immovables she obtained upon foreclosing the mortgage credits, having given to the appellant the proceeds from the sale of the other two. And as to the only one that she has recorded, the court ordered in its judgment that it be delivered to the appellant.

In view of the foregoing reasons, the judgment will be affirmed.